**In re HEATRON, INC., Debtor.**

**Bankruptcy No. 80–02656–2–11.**

United States Bankruptcy Court,
W.D. Missouri.

Nov. 1, 1983.

Norman E. Beal, Kathleen K. Jenkins, Kansas City, for debtor.

Daniel M. Dibble, Kansas City, Mo., for A.O. Smith-Inland, Inc.

## MEMORANDUM OPINION AND ORDER

JOEL PELOFSKY, Bankruptcy Judge.

In this case debtor is operating under a confirmed plan of reorganization. After confirmation A.O. Smith-Inland, Inc. sued debtor in the Circuit Court of Jackson County, Missouri, pleading breaches of warranty arising from purchases by it of allegedly defective product. Debtor now seeks to amend its plan to include A.O. Smith, stating it is an unsecured creditor and should be treated as other unsecured creditors. A.O. Smith opposes the amendment saying that the plan is substantially consummated. The matter was submitted on a stipulation of fact, oral argument and briefs of the parties. The stipulation shows that debtor's plan of reorganization was filed on April 20, 1981 and confirmed on June 8, 1981. Since confirmation, $128,-829.77 has been paid through the plan. Almost 53% of the total amount due under the plan ($244,606.81) has been transferred to creditors. The balance left to be paid through the plan is $115,777.

Section 1127(b) of the Code provides that post-confirmation modification may take place *before* "substantial consummation" of the Plan of reorganization has occurred. Substantial consummation is defined in Section 1101(2) of the Code, which sets out three criteria that must be satisfied before a Plan may be considered substantially consummated:

"(A) Transfer of all or substantially all of the property proposed by the plan to be transferred;

(B) Assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and

(C) Commencement of distribution under the plan".

The parties agree that both subsection (B) and (C) have been satisfied, but they disagree as to whether the requirements in subsection (A) have likewise been met. Thus, the question to be decided is whether under the facts of the present case all or "substantially all" of the property proposed to be transferred in debtor's confirmed plan has been transferred. A.O. Smith argues that substantially all of the property has been transferred and that this Court is without jurisdiction to allow debtor to amend its plan. Debtor asserts the converse: with three years remaining under the plan, 53% of the property transferred thus far does *not* constitute "substantially all" of the property under the plan and this Court should be allowed to grant debtor's Motion.

There are few cases on point and these deal primarily with Section 229 of the Bankruptcy Act, 11 U.S.C. Section 629 (repealed) the predecessor to Section 1127.

Section 229 was added in 1952 to:

"clarify the ... uncertainty as to the point in the reorganization proceeding at which rights vest under the plan sufficiently to make it equitable to cut off further right to amend or modify the plan as to matters materially and adversely affecting the rights of creditors or stockholders".

H.R.Report No. 2320, 82nd Cong., 2d Sess. 16 (1952), U.S.Code Cong. & Admin.News 1952, pp. 1960, 1976–1977. Congress felt it was necessary to preclude any "substantial changes in the plan of reorganization be-

yond a certain point, so that 'creditors extending credit after confirmation' ... would be able to determine their rights until entry of the final decree, which in many cases occurs more than one year after confirmation". *In re Atlas Sewing Centers, Inc.*, 384 F.2d 66, 88 n. 17 (5th Cir.1967).

The primary difference under the Act was that Section 229 provided for an application to be made to the Court for an order declaring the plan substantially consummated. Section 229 stated in pertinent part that:

"(a) A plan shall be deemed to have been *substantially consummated* if, insofar as applicable, each of the following has occurred:

(1) *transfer, sale or other disposition of all or substantially all* of the property dealt with by the plan pursuant to the provisions of the plan;

(2) *assumption of operation of the business and management of all or substantially all* of the property dealt with by the plan by the debtor ...; and

(3) *commencement of the distribution to creditors* and stockholders, affected by the plan, of the cash and securities specified in the plan ..." (as added July 7, 1952) [emphasis added]

Following the language set forth in Section 229, the Tenth Circuit stated that "if a reorganization plan has been substantially consummated, the plan may not thereafter be altered or modified 'if the proposed alteration or modification materially and adversely affects the participation provided for any class of creditors or stockholders by the plan'". *Claybrook Drilling Company v. Divanco, Inc.*, 336 F.2d 697, 700 (10th Cir. 1964).

The court in *Claybrook* went on to observe that it was proper for the court to superintend and enforce the application of the plan of reorganization, but

"the ultimate purpose of reorganization is to let the corporation go forward under its own power in the usual ways of business without judicial restraint or interference. Thus a court may retain jurisdiction, after confirmation, to guarantee

that the plan of reorganization is complied with, but it may not keep the corporation in 'perpetual tutelage' by exercising control over all aspects of the corporate conduct or by assuming jurisdiction over controversies between the reorganized corporation and third parties".

*Claybrook Drilling Company v. Divanco, Inc.*, supra at 700–01.

Keeping this purpose in mind, a review of the case law still shows that when asked to address the "substantial consummation" issue, courts have *not* been willing to relinquish jurisdiction over questions relating to the confirmed plan absent far more extreme durations of time or higher percentages of property transfers than present in the case at bar.

In *In re Hudson & Manhattan Railroad Company*, 332 F.Supp. 718, 722 (S.D.N.Y. 1971), the court found that "substantial consummation" had occurred when the plan had been confirmed in 1959, an order directing consummation of the plan by January 1st, 1962 had been entered and "substantially all" of the property had been taken by condemnation by September 1, 1962. As a result, a 1971 merger proposal which was not in accord with the approved plan of reorganization would not be allowed.

The Fifth Circuit Court of Appeals held, in affirming the lower court, that debtor's plan *had* been substantially consummated in *Travelers Indemnity Company v. Anderson*, 394 F.2d 929 (5th Cir.1968).

In *Travelers,* a reorganization proceeding was initiated against the debtor in 1957. In 1960 the district court entered an order which listed Travelers' claim against the debtor under a classification in which general unsecured creditors were assigned. In 1962, the plan was accepted by 80% of the unsecured creditors, including Travelers and confirmed by the district court in February 1963. An amended plan was accepted by 95% of the unsecured creditors, including Travelers in 1965. On May 19, 1967, Travelers filed a petition seeking an upgrading of its status.

The court noted the following "Acts of consummation" in reaching its decision: ap-

proximately 1,300,000 shares of new common stock had been issued, new directors of the reorganized company had taken over management of the business of the debtor; the assets of the debtor had been transferred to the reorganized company and the reorganized company had borrowed $1,250,-000 in order to pay the claims entitled to be paid in cash. In its 1968 opinion, the court of appeals, alluding perhaps to the 1957 start of the reorganization proceedings concluded: "There must come a time when proposers and opposers of reorganization plans can rely on the amount and priority of obligations to be discharged ... Even reorganizations require a finus". *Travelers Indemnity Company v. Anderson, supra* at 932.

The Fifth Circuit Court of Appeals also dealt with the "substantial consummation" issue in *In re Atlas Sewing Center, Inc.,* 384 F.2d 66 (5th Cir.1967). On July 1, 1965, the district court entered its "Order of Substantial Consummation of the Plan". This order projected transferral of control of *Atlas* in both "form and substance". The court of appeals noted that except for the title of the order, all references to consummation of the plan were conditioned on the happening of future events. *In re Atlas Sewing Center, Inc., supra* at 72. The court held that notwithstanding the July 1st, 1965 "Order of Substantial Consummation", the reorganization court *still* had the power to take protective steps:

"It would be shocking if merely because of the entry of an order which by name and content was an order of substantial consummation, the Court would find itself powerless to take protective action in the face of admitted substantial nonfulfillment [of the Plan] ..."

*Atlas, supra* at 89.

The word "substantial" suggests more than halfway, more than a mere preponderance. When used with the word "all", as the decisions cited herein point out, there is a suggestion of completeness. "We lay aside claim ... of petitioners, first, because we do not think that $78,000 out of $138,000 [56%] can be held to constitute "substantially all of the properties" of the taxpayer ..." *C.T. Investment Co. v. Commissioner,*

88 F.2d 582, 584 (8th Cir.1937). See also *U.S. v. Cleveland, P & E R. Co., Inc.,* 42 F.2d 413 (6th Cir.1930) and *Matter of King Resources Co.,* 651 F.2d 1326, 1331–32 (10th Cir.1980). The Court finds that the plan of the debtor has not been substantially consummated because not all or substantially all of the property proposed by the plan to be transferred has been transferred.

Some or all of the claim asserted by A.O. Smith arose from prepetition activities of the debtor. Such a claim is properly dealt with in the plan. If there is a postpetition claim it can be ruled when it is established. The Court retains control over the parties to insure consummation. *Solon Automated Services, Inc. v. Georgetown, Etc.,* 22 B.R. 312 (Bkrtcy.S.D.Ohio 1982).

The motion of the debtor to amend the plan by adding creditor A.O. Smith is granted. Creditor is granted sixty (60) days from this date to file its claim and to make any objections to its treatment under the plan. The stay is lifted to allow creditor to proceed to judgment but not execution in the action now pending in the Circuit Court of Jackson County, Missouri.