In re Sylvia J. BROOKS, Debtor.

Bankruptcy No. 85–00833–BKC–TCB.

United States Bankruptcy Court,
S.D. Florida,

July 5, 1985.

Howard B. Emory, Miami, Fla., for debtor.

Robert Roth, Miami, Fla., trustee.

## ORDER DENYING CONFIRMATION AND DISMISSING CASE

THOMAS C. BRITTON, Bankruptcy Judge.

The issue presented here is the effect of the phrase "within a reasonable time" in 11 U.S.C. § 1322(b)(5).

This debtor's amended chapter 13 plan (C.P. No. 8) was before the court on June 19 for confirmation. The sole purpose of the plan is to prevent a forced sale in a pending foreclosure of a first mortgage on the debtor's home. The debtor has listed no other creditors and the debtor's plan makes no provision for any other creditor.

The monthly mortgage payments are $539. The debtor defaulted in April 1984 and has defaulted every month since. She filed for bankruptcy one year later on April 18, 1985. Her plan proposes to resume payments on June 24, 1985 (14 months after default) by paying, in addition to the regular monthly payment, $306 a month to be applied toward the accumulated arrearage ($7,545) without any provision for contractual liability for late charges, increased interest, accrued court costs or attorney's fees. If the debtor does not miss a payment, the arrearage would be "cured" as proposed by this plan in 25 months.[1]

A chapter 13 debtor's plan may:

"provide for the curing of any default *within a reasonable time* and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due." 11 U.S.C. § 1322(b)(5). (Emphasis added.)

This debtor's plan is subject to the foregoing provision.

■ I find that the plan would not cure the mortgage default within a reasonable time. Therefore, the plan does not comply with the provisions of chapter 13 and for that reason confirmation of the amended plan is denied under § 1325(a)(1).

The debtor's monthly income from three concurrent jobs ($1,795) exceeds her estimated monthly expenses ($763) excluding her first mortgage payment, but including her second mortgage payments, by $1,032. This is her estimated discretionary income. The monthly payments required for her amended plan (including the trustee's fee) are $930. She has offered to again amend her plan to use the remaining $102 of discretionary income available under her budget to accelerate the curing of the default. With provision for the trustee's fee, this would permit a cure in the next 19 months or 33 months after her original default. I find this proposed cure also to be unreasonable.

The debtor, supported by the trustee, argues that both provisions are reasonable and cites seven reported decisions by bankruptcy judges in other jurisdictions which confirm plans proposing cures that will require more than 19 months. The list of bankruptcy court decisions disapproving cures that require that length of time is shorter. There is as yet no appellate decision in point other than the split decision of the Bankruptcy Appellate Panel of the 9th Circuit in *Central Federal Savings And Loan Assoc. v. King (In re King)*, 23 B.R. 779 (Bkrtcy.App.Cal. 9th Cir.1982). Neither that decision nor those cited by the debtor and the trustee are persuasive to me, but they do suggest the need for more than a simple, unexplained finding in this order.

■ Obviously, this provision is for the benefit of the creditor and, therefore, may be waived by him. Any time period actually accepted by the creditor would be reasonable. However, acceptance may not be presumed merely from the creditor's

---

1. I am aware of no basis to exclude contractually stipulated late charges, increased interest, accrued court costs or attorney's fees in calculating the arrearage to be cured, but we need not reach this shortcoming in the plan in order to dispose of this case.

failure to oppose the plan. The required notice interval between the filing of the plan and confirmation is only 25 days. (B.R. 2002(b)(2)) and there is no requirement by statute or rule that the creditor respond. There is no vote on a chapter 13 plan. In the many hundreds of plans considered by this court under the present statute, only a handful of mortgagees have consented to proposals to cure over a period longer than a year. Therefore, no inference should be drawn from the mortgagee's failure to appear in this case. The mortgagee whether it responds or not has the right to assume that it, as well as the debtor, will receive this court's considered exercise of its statutory discretion.

█ The statute provides no explicit standard for the "reasonable time" specified in § 1322(b)(5) and the legislative history is of no assistance. 124 Cong.Rec.H. 11,106 (Sept. 28, 1978); S. 17,423 (Oct. 6, 1978). It is obvious to me, however, that Congress intended a more stringent standard than the authorized life of a chapter 13 plan, generally three years. § 1322(c). Any other conclusion makes § 1322(b)(5) completely unnecessary. It is a fundamental precept that some purpose is to be ascribed to every word in a statute. *U.S. v. Wong Kim Bo*, 472 F.2d 720 (5th Cir. 1972).

This provision should be construed in pari materia with the only other provision enacted by the same Congress for the curing of defaults in bankruptcy. *Erlenbaugh v. U.S.*, 409 U.S. 239, 244, 93 S.Ct. 477, 480, 34 L.Ed.2d 446 (1972). In § 365(b)(1)(A), a trustee and a chapter 11 debtor are authorized to assume an executory contract or an unexpired lease after the debtor has defaulted, if the trustee:

> "cures, or provides adequate assurance that the trustee *will promptly cure,* such default." (Emphasis added).

By this provision, a landlord and every other creditor having an executory contract with the debtor is assured a "prompt" cure. It has never been suggested that 19 months would be a "prompt" cure under § 365(b)(1)(A) as a condition to acceptance

and reinstatement of a defaulted contract. There is no basis to assume Congress intended that a chapter 13 mortgage receive less consideration from this court than every other defaulted executory contract. In each of these two sections of the Code, a creditor's contractual remedy is impaired in the federal interest of facilitating bankruptcy administration. It is not plausible that Congress intended the creditor to suffer more than a nominal inconvenience under either section.

The mortgage in this case, which is essentially similar to 95 percent of the chapter 13 cases I have seen over the seven years since the enactment of § 1322(b)(5), made its bargain upon the assumption that if the borrower defaulted it could sell its collateral and recover its principal, interest and expenses through a state court foreclosure and resale of the foreclosed property within six months to a year under Florida law and practice. This debtor's plan would more than double the mortgagee's delay in enforcing its contract.

To impose upon a lender an additional enforced delay of more than an additional year in curing a default is no nominal inconvenience. It is the equivalent of compelling it to make an unsecured loan without interest to a bankrupt for the interval imposed by this court. An imposition of that magnitude cannot be squared with the Fifth Amendment and cannot have been intended by Congress.

While each case must be judged upon its own facts, I have yet to see any case where it would be reasonable to permit a mortgagor without the lender's consent to take over a year to cure a default.

One additional point requires comment. Both the debtor and the trustee have argued that this debtor's need and personal circumstances should influence this court's decision. I agree that she deserves compassion. That is true of almost every chapter 13 debtor in this court.

However, neither the trustee nor I have any right to *compel* a creditor's charity through the judgment of this court, any

more than we have the right to compel the debtor's attorney to forego any part of his $1,500 fee in this case. The appeal to sympathy made in this case was entirely inappropriate. Counsel and courts as well as juries are expected to reach into their own pockets, not the pockets of someone else to satisfy their charitable impulses.

There being no way in which this debtor could reasonably cure the default in her only debt, this case is dismissed. § 1307(c)(5). Dismissal is with prejudice to the filing of any bankruptcy case by this debtor earlier than a year after this order becomes final.