**In re HAYBALL TRUCKING, INC., Debtor.**

**Bankruptcy No. 85–00344–R.**

United States Bankruptcy Court, E.D. Michigan, S.D.

Nov. 21, 1986.

Karen Faber, Northville, Mich., for debtor.

Thomas Blessing, Bloomfield Hills, Mich., for creditor.

Barbara Rom, Detroit, Mich., for Creditors Committee.

## ORDER DENYING DEBTOR'S MOTION TO MODIFY CONFIRMED PLAN OF REORGANIZATION

STEVEN W. RHODES, Bankruptcy Judge.

### I.

In this Chapter 11 proceeding, the Court confirmed the debtor's plan of reorganization on March 13, 1986. The plan became effective on March 24, 1986. Article IV of the confirmed plan allowed the debtor 60 days after confirmation to object to timely claims. Central States, Southeast and Southwest Areas Pension Fund ("Central States"), had filed a proof of claim, but the debtor neglected to file an objection to the claim within the time it had allowed for itself in its confirmed plan. Thus, the debtor has filed a motion to modify the confirmed plan to extend the time within which to object to this claim. The motion is made pursuant to 11 U.S.C. § 1127(b), which provides:

The proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan and before substantial consummation of such plan, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title. Such plan as modified under this subsection becomes the plan only if circumstances warrant such modification and the court, after notice and a hearing, confirms such plan as modified, under section 1129 of this title.

Central States objects to the debtor's motion on several grounds. However, the only objection warranting substantial discussion is that there has been "substantial consummation" of the debtor's plan, and therefore modification is impermissible under 11 U.S.C. § 1127(b).

The debtor contends that there has not been "substantial consummation" of its plan.

### II.

"Substantial consummation" is defined in 11 U.S.C. § 1101(2) as follows:

(2) "substantial consummation" means—

(A) transfer of all or substantially all of the property proposed by the plan to be transferred;

(B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and

(C) commencement of distribution under the plan.

The parties appear to agree that the requirement of subsection (B) has been met, that is, the debtor has assumed the business. The parties disagree however, concerning the applicability of subsection (A), which requires the transfer of all or substantially all of the property proposed by the plan to be transferred, and subsection (C), which requires the commencement of distribution under the plan.

In support of its motion, the debtor submitted the affidavit of Frank E. Hayball, its president. Therein, Hayball indicated the extent of payments which have been made under the plan. The affidavit reflects that partial payments have been made to administrative priority creditors, tax priority creditors, unsecured creditors, and secured creditors. The priority fringe benefit creditors have been paid in full. Hayball concludes in his affidavit, "The payments referred to above total $142,-966.47. (The total claims referred to above equal $742,403.41 exclusive of amounts due to secured creditors as of the date of confirmation of $306,771.10.)" In addition, the parties agree that the provision in the confirmed plan requiring the debtor to transfer a security interest in its assets to a trustee for the benefit of unsecured creditors has been carried out.

Thus, it is abundantly clear that the debtor has commenced distribution under the plan and therefore the requirement of subsection (C) of 11 U.S.C. § 1101(2) has been met.

Thus, the issue is whether there has been a transfer of all or substantially all of the property proposed by the plan to be transferred. The debtor contends that significantly less than half of the property proposed to be transferred to creditors has been transferred and that therefore subsection (A) has not been met. On the other hand, Central States contends that in considering whether subsection (A) has been met, distributions to creditors which the plan proposes to make over time are not to be considered; but rather, only property transfers such as might occur on or about the effective date to other entities or perhaps to secured creditors should be considered. Thus, Central States contends that the only "property" proposed to be transferred in connection with the debtor's plan is the transfer of a security interest in the debtor's assets to a trustee for the benefit of the unsecured creditors, which transfer has already occurred. Thus, Central States contends that the requirements of subsection (A) have been met, and that therefore there has been substantial con-

summation. Central States further argues that the debtor's interpretation of subsection (A)—that substantial consummation does not occur until the creditors have received all or substantially all of their distributions—essentially nullifies subsection (C), which requires only the "commencement of distribution under the plan."

In support of its position, the debtor cites *In re Heatron, Inc.*, 34 B.R. 526 (Bankr.W. D.Mo.1983). In that case, after confirmation of its plan, and after distribution of 53% of the creditors' dividends under the plan, the debtor moved to amend its plan to add an unsecured creditor. After reviewing several cases which had been decided under Section 229 of the Bankruptcy Act, 11 U.S.C. § 629 (repealed), the court concluded:

> The word "substantial" suggests more than halfway, more than a mere preponderance. When used with the word "all", as the decisions cited herein point out, there is a suggestion of completeness. 34 B.R. at 529.

Thus, the court concluded that the debtor's plan had not been substantially consummated, and allowed the amendment.

### III.

This Court agrees with Central States that the debtor's position, although supported by *Heatron*, lacks merit. The difficulty with the analysis in *Heatron* is that it makes a nullity of subsection (C). If subsection (A), relating to the transfer of all or substantially all of the property proposed by the plan to be transferred, is interpreted to include distributions to creditors proposed by the plan to be made over a period of time, then the requirements of subsection (C) will always be met when the requirements of subsection (A) are met. If that was the intent in setting forth this definition, then there would have been no need to include a separate requirement for "commencement of distribution under the plan." It is a common axiom that a statute should be construed to give meaning to all of its provisions, if possible. *See e.g., Lang*

v. Graham, (*In the Matter of Borba*), 736 F.2d 1317 (9th Cir.1984); *In the Matter of Clark*, 738 F.2d 869 (7th Cir.1984); *In re Brooks*, 51 B.R. 741 (Bankr.S.D.Fla.1985); *In re Law*, 37 B.R. 501 (Bankr.S.D.Ohio 1984).

The Court of Appeals for the Sixth Circuit has specifically held in *Ray v. Security Mutual Finance Corp.*, (*In re Arnette*), 731 F.2d 358 (6th Cir.1984):

> "Finally, a construction of one part or provision of a statute which renders another part redundant or superfluous should be rejected; all parts of a statute should, if possible, be given effect. (Citing) *Jarecki v. Searle & Co.*, 367 U.S. 303, 307–308, 81 S.Ct. 1579, 1582–1583, 6 L.Ed.2d 859 (1961)." *Id.* at 361.

Although the statutory definition of "substantial consummation" is not entirely clear, the Court concludes that distributions to creditors over a period of time are not the types of transfers of property proposed by the plan to be transferred contemplated in subsection (A). In order to give effect to the provision requiring only commencement of such distributions, it must be concluded that the property transfers contemplated in subsection (A) include other types of transfers such as are often contemplated on or shortly after the effective date of a confirmed plan. Such transfers might include the transfer of a security interest to unsecured creditors, as occurred here, a transfer of stock to creditors or third parties, a transfer of promissory notes to creditors, transfers of property to secured creditors in satisfaction of their claims, or transfers of property by third parties to the debtor.

Thus, subsections (A) and (C) appear to distinguish between transfers of property to or from the debtor at or near the time the plan is confirmed undertaken to shape the new financial structure of the debtor and distributions of dividends to creditors made over a period of time from operating revenues. "Substantial consummation" requires completion or near completion of the former, but only commencement of the latter.

Finally, the Court concludes that this construction of 11 U.S.C. § 1101(2) best carries out its purposes. These were summarized in *Dyer v. First National Bank at Orlando*, (*In re Seminole Park & Fairgrounds*), 502 F.2d 1011, 1014 (5th Cir. 1974), in a discussion relating to the above cited predecessor statute, 11 U.S.C. § 629 (repealed):

> As we there pointed out, the section serves several important functions. In many ways it is the key to the whole of Chapter X which, as its name reflects, envisages that out of the proceedings will come a new reorganized company capable of sailing forth in the cold, cruel business world with no longer the protective wraps of the federal Bankruptcy Court. Section 229 furnishes the objective criteria for determining when that stage has arrived. As a corollary of this it means also that the Bankruptcy Court has no day-to-day supervision of the business operation of the new enterprise. And one of the principal reasons for its enactment was to inhibit Bankruptcy Courts, either because of economic changes or other circumstances, from succumbing to the temptation too infrequently resisted to second guess the approved plan of reorganization by establishing what was in fact a new plan in the guise of a simple order or an amendment. The possibility that the Bankruptcy Court would, or could legally, do this would be a depressant to the acceptance of the new entity by new creditors, customers, bankers and others dealing with it.

See also: *In re Atlas Sewing Centers, Inc.*, 384 F.2d 66, 86–90 (5th Cir.1967).

Accordingly, the Court concludes that the debtor's plan has been substantially consummated and therefore may not be amended. Accordingly, IT IS HEREBY ORDERED that the debtor's motion to modify its plan is DENIED.