**In re Harold Wayne BURLINGAME, and Barbara Jean Burlingame, Husband and Wife, Debtors.**

**Bankruptcy No. 88–02062–C.**

United States Bankruptcy Court, N.D. Oklahoma.

Jan. 29, 1991.

Andrew R. Turner, Tulsa, Okl., for debtors.

Sam G. Bratton, Jr., Tulsa, Okl., for Bank.

## MEMORANDUM OPINION

STEPHEN J. COVEY, Bankruptcy Judge.

### Introduction

This matter comes on to be heard upon the Motion of the Debtors to Modify the Plan treatment of three secured claims of Local America Bank ("LAB") and upon the objections thereto filed by said bank. This Court having been fully advised in the premises finds as follows:

### Findings of Fact

Harold Wayne Burlingame and his wife, Barbara Jean Burlingame, ("Debtors") filed for relief under Chapter 11 on July 15, 1988. The schedules listed $20,400,000.00 of debt and $24,867,000.00 of assets, which included real estate valued at $23,175,-000.00. The Debtors owned approximately fifty tracts of real estate most of which were subject to mortgages. The debts secured by these mortgages were being paid by the Debtors pursuant to monthly payments extending over twenty or thirty years. The Debtors also had substantial unsecured debt and tax liabilities.

The Debtors' Plan of Reorganization ("Plan") was confirmed by this Court on June 30, 1989. The effective date of the Plan was July 25, 1989. The Plan, in general, provided for the treatment of creditors as follows:

1. Administrative claims were to be paid in full on the effective date of the Plan.

2. Unpaid taxes were to be paid in six annual installments.

3. The secured claims were divided into sixty-one different subclasses and were all treated individually. Plan notes were to be issued for the approximate amount of $8.5 million. The notes were payable over twenty to thirty years and were secured by real estate mortgages.

4. Three tracts of real estate were transferred to the mortgagees in payment of their debt.

5. Many tracts of real estate were abandoned or by agreement foreclosed upon pre-confirmation. Also, seven secured notes were reaffirmed pre-confirmation.

6. Unsecured creditors in the amount $3,519,872.00 were to be paid 29.13 percent of their claim over ten years or upon the option of the creditor twelve percent cash on the effective date of the Plan.

Since the confirmation of the Plan, the Debtors have performed as follows:

1. $350,000.00 of administrative expenses have been paid settling this claim in full.

2. $157,000.00 has been paid on total tax obligations of $278,000.00.

3. Twenty-four long-term Plan notes secured by real estate mortgages, have been issued and the Debtors have commenced making monthly payments.

4. A total of $607,779.00 was to be paid on the unsecured claims. Of this amount, $323,506.00 has been paid, including $291,809.00, to LAB who elected the twelve percent cash option.

5. The transfers of real estate to three creditors in payment of their debts were completed.

On September 14, 1990, the Debtors filed a Motion to Modify the Plan. The motion sought to modify the treatment of secured claims of LAB in regard to Classes 4.27(f), 4.31(f) and 4.33(f). In each case, the original Plan provided for a thirty-year amortization of the debt with a balloon payment in full on July 25, 1990, approximately one year after the effective date. The one year period has passed and the Debtors have been unable to make the balloon payment and LAB has commenced foreclosure actions in state court. The Debtors in their Motion to Modify the Plan are asking that the time to make the balloon payments be extended to July 25, 1994. LAB has objected alleging that the Plan has been "substantially consummated" and cannot be modified.

### Conclusion of Law

■ The issue to be decided is whether the Plan has been "substantially consummated".[1] If it has, then it cannot be modified and the motions of the Debtors must be denied. If it has not, then the Debtors should be permitted to file a modified plan and the Court would determine whether, under the provisions of Chapter 11, such a modified plan could be confirmed.

"Substantial consummation" is defined in Section 1101(2)(A), (B), and (C) of the Bankruptcy Code as follows:

(2) "substantial consummation" means—

(A) transfer of all or substantially all of the property proposed by the plan to be transferred;

(B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and

(C) commencement of distribution under the plan.

The parties agree that the Debtors have assumed management of their business and have commenced distribution under the Plan and that, therefore, the requirements of subparagraphs (B) and (C) have been met. The only issue in dispute is whether the Debtors have transferred all or substantially all of the property proposed in the Plan to be transferred under subparagraph (A).

■ The Debtors contend that the requirements of subparagraph (A) have not been met because the Debtors have not made all or substantially all of the payments due on the long-term Plan notes. Since some of these notes extend up to thirty years, the Plan, under this interpretation of subparagraph (A) would not be "substantially consummated" for twenty to twenty-five years and could be modified anytime during this period. The Debtors cite as authority for this proposition the case of *In re Heatron, Inc.*, 34 B.R. 526 (Bankr.W.D.Mo.1983). In this case the court held that the plan had not been substantially consummated because only $78,000.00 out of $138,000.00 had been paid to creditors. The court stated as follows:

The word "substantial" suggests more than halfway, more than a mere preponderance. When used with the word "all", as the decisions cited herein point out, there is a suggestion of completeness. "We lay aside claim ... of petitioners, first, because we do not think that $78,000 out of $138,000 [56%] can be held to constitute 'substantially all of the properties' of the taxpayer ..."

1. Section 1127(b) of the Bankruptcy Code states: The proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan and before substantial consummation of such plan ...

Other courts, however, have rejected the *Heatron* analysis and have held that the requirements of subparagraph (A) have been met when all transfers that were to be made at or near the time of confirmation have been completed. Payments on long-term debts, these cases hold, are not transfers of property within the meaning of subparagraph (A) but are distributions to creditors under subparagraph (C). Under these decisions, it is not necessary to wait until a substantial majority of the payments on long-term debt have been made before a plan is "substantially consummated". Instead, a plan is "substantially consummated" when the transfers to be made at or near the time of confirmation are completed, debtor has assumed management of his business, and distributions have begun on the long-term debt.

In *In re Hayball Trucking, Inc.*, 67 B.R. 681 (Bankr.E.D.Mich.1986) the court stated as follows:

. · Although the statutory definition of "substantial consummation" is not entirely clear, the Court concludes that distributions to creditors over a period of time are not the types of transfers of property proposed by the plan to be transferred contemplated in subsection (A). In order to give effect to the provision requiring only commencement of such distributions, it must be concluded that the property transfers contemplated in subsection (A) include other types of transfers such as are often contemplated on or shortly after the effective date of a confirmed plan. Such transfers might include the transfer of a security interest to unsecured creditors, as occurred here, a transfer of stock to creditors or third parties, a transfer of promissory notes to creditors, transfers of property to secured creditors in satisfaction of their claims, or transfers of property by third parties to the debtor.

Thus, subsections (A) and (C) appear to distinguish between transfers of property to or from the debtor at or near the time the plan is confirmed undertaken to shape the new financial structure of the debtor and distributions of dividends to creditors made over a period of time

from operating revenues. "Substantial consummation" requires completion or near completion of the former, but only commencement of the latter.

The *Hayball* decision was followed in *U.S. v. Novak*, 86 B.R. 625 (D.S.D.W.D.1988).

This Court chooses to follow the analysis in the *Hayball* and *Novak* cases and to reject the holding in the *Heatron* case. All transfers to be made by the Debtors, at or near the confirmation of the Plan have been made. The Debtors have commenced distribution or payment of their long-term debts, and they have resumed management of their business. This Plan has been substantially consummated.