**In re SPRINGBROOK APARTMENTS OF ANDERSON, LTD., Debtor.**

Bankruptcy No. 2–90–03040.

United States Bankruptcy Court, S.D. Ohio, E.D.

Jan. 3, 1992.

Victor Krupman, Columbus, Ohio, for debtor.

Leonard A. Carlson, Schottenstein, Zox & Dunn, Columbus, Ohio, for Crown Life Ins. Co.

Jay Alix, Jay Alix & Associates, South-field, Mich., Chapter 11 Trustee, Michael L. Cook, Sally M. Henry, Skadden, Arps, Slate, Meagher. & Flom, New York City, Carol Stebbins, Marilyn Shea–Stonum, Jones, Day, Reavis & Pogue, Columbus, Ohio, Co-Counsel to the Trustee.

Charles M. Caldwell, Asst. U.S. Trustee, Columbus Office of the United States Trustee for Region IX.

Leon Friedberg, Benesch, Friedlander, Coplan & Aronoff, Columbus, Ohio, for the Official Committee of Unsecured Creditors.

Harvey S. Minton, Minton & Leslie, Columbus, Ohio, Charles J. Taunt, Charles J. Taunt & Associates, Birmingham, Mich., Gary H. Cunningham, Kramer Mellen, P.C., Southfield, Mich., special counsel to the Trustee of the Consolidated Estate.

James Bownas, Legal Counsel, Cardinal Industries, Inc., Columbus, Ohio.

## OPINION AND ORDER ON POST–CONFIRMATION REPORTING BY PLAN PROPONENT

BARBARA J. SELLERS, Bankruptcy Judge.

### I. *Facts and Procedural History*

Before the Court is the first post-confirmation report ("Report") filed by the debtor, Springbrook Apartments of Anderson, Ltd. ("Springbrook"). The Court has reviewed Springbrook's Report and has concluded that the debtor is not making payments in accordance with the plan.

The Court has jurisdiction in this matter under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) which this bankruptcy judge may hear and determine.

On July 19, 1991, the Court entered an order confirming the first amended plan ("Plan") proposed by Springbrook. Thereafter, the Court also ordered Springbrook to file periodic post-confirmation reports pursuant to Fed.R.Bankr.P. 2015(a)(5) and L.B.R. 3.17. These reports were to show all payments made by Springbrook under the Plan and "the progress made toward consummation of the plan." *See* Fed. R.Bankr.P. 2015(a)(5) and L.B.R. 3.17.

The Debtor filed its first post-confirmation report on November 22, 1991. No objections to that Report were filed by any of the parties served. Nevertheless, the Court is hereby taking appropriate action to inform Springbrook that the payments made under the Plan to date do not appear to the Court to conform to the terms of that Plan. 11 U.S.C. § 1142(a) and Fed. R.Bankr.P. 3020(d).

### II. *Discussion*

Springbrook's Plan classifies "allowed claims" and "interests" into eight classes. The Plan proposes to pay the "allowed amount" of the "allowed claim" within a specified time following confirmation. That payment time varies for each class. The Plan defines "allowed amount" and "allowed claim" in a manner consistent with the applicable provision of the Bankruptcy Code which states that: "A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects." 11 U.S.C. § 502(a). Further, any claim or interest listed on a Chapter 11 debtor's bankruptcy schedules is "deemed filed under section 501 of this title" unless it is scheduled as "disputed, contingent, or unliquidated." 11 U.S.C. § 1111(a).

Therefore, where a plan provides for payment of the allowed amount of the allowed claim or interest, all claims or interests allowed under applicable law, whether filed or scheduled and not disputed, must be paid. If the debtor does not object to the filed proofs of claim or interest and the scheduled, but unfiled claims or interests are not listed as disputed, contingent or unliquidated, the claims or interests are allowed as filed or scheduled. The debtor must review the claims file and the schedules to determine the proper payments to be made.

Springbrook has not filed any objections to the thirty proofs of claim or interest filed in this case. Thus, pursuant to the definitions in the Plan and 11 U.S.C. §·502(a), these claims and interests are deemed allowed in the amounts filed. Fur-

ther, the bankruptcy schedules filed by Springbrook list a number of obligations, none of which are designated as disputed, contingent or unliquidated. No amendments to these schedules have been filed or could be appropriately filed at this point in the case. Each listed obligation constitutes a claim or interest which is deemed filed under 11 U.S.C. § 1111(a). Because no objections have been filed to the deemed-filed claims or interests, those are allowed in the amounts listed or in the amounts for which the holders may have filed proofs of claims or interests.

Although Springbrook's Plan defines allowed claims consistent with this analysis,[1] the Report filed by Springbrook indicates a lack of understanding regarding the payments to be made on account of these claims or interests. The lists attached to the Report purport to show payment to *all* allowed claims of classes 4 and 7. These lists, however, bear little relation to Springbrook's bankruptcy schedules or to the filed proofs of claim. Some claimants are missing and the amounts paid to others do not always match the amounts listed on the schedules or set forth on the applicable proofs of claim.

■ Springbrook's bankruptcy schedules also indicate an obligation to an employee for prepetition wages (designated in the Plan as a class 3 claimant). That claim is deemed filed as it is not listed as disputed, contingent or unliquidated. 11 U.S.C. § 1111(a). No objection has been filed to that deemed allowed claim. 11 U.S.C. § 502(a). Pursuant to the terms of the Plan, this allowed claim was to receive 100% of its allowed amount within 60 days of the effective date of the Plan. The Report filed by Springbrook, however,

states "Class 3 Wage Claims per Schedule A-1 is $231. From examination of the records of Debtor, it appears that this claim was satisfied prior to filing." This statement is an insufficient justification for Springbrook's nonpayment of this allowed claim. If Springbrook believes that this claim is not owed, an objection to the claim should be filed. Further, this claimant was not served with a copy of the Report.

In order to assure compliance with the Plan, a representative of Springbrook should fully review the schedules and the proofs of claims on file with the Court. Payments made under the Plan should correlate directly with the schedules and claims file. After this review, a supplement to the first Report accounting for all allowed claims should be filed with the Court and served on affected parties.

### III. *Conclusion*

Confirmation of a chapter 11 plan generally acts as a discharge of a debtor's prepetition obligations and establishes new contractual relationships between the parties. 11 U.S.C. § 1141(d)(1)(A). Thus, it is crucial that the post-confirmation payments made by the plan proponent conform to the terms of the confirmed plan.

The Report filed by Springbrook does not establish compliance with the confirmed Plan. Accordingly, it is hereby ordered that within 30 days of the date of this Opinion and Order, Springbrook shall file a supplemental post-confirmation report which demonstrates compliance with the Plan previously confirmed by the Court. That supplemental report should contain a complete list of all allowed claims or interests paid. Lastly, the report should detail the process and review undertaken by

---

**1.** Section 1.05 of Springbrook's Plan defines "allowed claim" as follows:

1.05. "Allowed Claim" shall mean a Claim (a) if no objection to the allowance of the Claim is interposed within any applicable period of limitation fixed by Bankruptcy Rule 3003 or an order of the Court; (i) in the amount for which a Proof of Claim has been filed with the Court within the applicable period of limitation fixed by Bankruptcy Rule 3003 or an order of the Court or (ii) in the amount scheduled in the list of creditors pre-

pared and filed with the Court pursuant to Bankruptcy Rule 1007(b), as such may be amended pursuant to Bankruptcy Rule 1009 prior to Confirmation, and not listed as disputed, contingent, or unliquidated as to amount; and (b) if an objection to the allowance of the claim is interposed within the applicable period of limitation fixed by Bankruptcy Rule 3003 or an order of the Court, in the amount determined by the Court by order allowing such claim.

Springbrook's representative in compiling the supplemental report.

IT IS SO ORDERED.