## In re BURNSBROOKE APARTMENTS OF ATHENS, LTD., Debtor.

**Bankruptcy No. 2–90–02226.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

Nov. 18, 1992.

Christiane Ward Schmenk, Buckley, King & Bluso, Columbus, OH, for debtor.

Drew T. Parobek, Vorys, Sater, Seymour & Pease, Columbus, OH, for American Charter Federal Sav. and Loan Ass'n.

James H. Bownas, General Counsel, Cardinal Realty Services, Inc., Reynoldsburg, OH, Leon Friedberg, Benesch, Friedlander, Coplan & Aronoff, Columbus, OH, to Cardinal Realty Services, Inc.

Charles M. Caldwell, Asst. U.S. Trustee, Columbus, OH, Columbus Office of the United States Trustee for Region IX.

## OPINION AND ORDER ON PROPOSED POSTCONFIRMATION MODIFICATION OF CHAPTER 11 PLAN

BARBARA J. SELLERS, Bankruptcy Judge.

Burnsbrooke Apartments of Athens, Ltd. ("Burnsbrooke") obtained confirmation of its second amended plan of reorganization ("Plan") on September 5, 1991. On June 25, 1992 Burnsbrooke filed a proposed postconfirmation modification ("Modification") of that Plan. The Modification proposes to refund a portion of equity contributions received by Burnsbrooke from two of its limited partners. Burnsbrooke seeks to modify language in the Plan to make it consistent with the proposed refund. Although no objections were filed to the Modification, the Court finds that the Plan can no longer be modified under 11 U.S.C. § 1127(b).

The Court has jurisdiction in this matter under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. Any modification of Burnsbrooke's confirmed plan is a core proceeding under 28 U.S.C. § 157(b)(2)(L). The Court also retained jurisdiction for such purposes under Article X, Section (K) of the Plan.

### I. *Discussion*

■ Modification of a confirmed Chapter 11 plan is governed by 11 U.S.C. § 1127(b) which provides:

(b) The proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan and before substantial consummation of such plan, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title.... Such plan as modified under this subsection becomes the plan only if circumstances warrant such modification and the court, after notice and a hearing, confirms such plan as modified, under section 1129 of this title....

Further, the proponent of a proposed modification must comply with the disclosure requirements of 11 U.S.C. § 1125. *See* 11 U.S.C. § 1127(c), and *Universal Cooperatives Inc. v. Fox, Inc. (In re Fox, Inc.),* 853 F.2d 1149 at 1156 (4th Cir.1988). No such disclosure process was instituted by Burnsbrooke.

██ Unlike preconfirmation modifications of a Chapter 11 plan, which may be done at any time prior to confirmation, the procedure for postconfirmation modifications is more involved. Compare 11 U.S.C. § 1127(a) and (b). Significant policy reasons exist for this distinction. Confirmation of a Chapter 11 plan generally acts as a discharge of a debtor's preconfirmation obligations and establishes new contractual relationships between the debtor and all other parties. *See* 11 U.S.C. § 1141(d)(1)(A) and *In re Springbrook Apartments of Anderson, Ltd.,* 135 B.R. 526, 528 (Bankr.S.D.Ohio 1992). *See also, Still v. Roseville Bank (In re Chattanooga Wholesale Antiques, Inc.),* 930 F.2d 458, 463 (6th Cir.1991).

██ In addition to the disclosure and formal requirements, a postconfirmation modification may occur only before a plan has been substantially consummated. "Substantial consummation" is specifically defined as:

(A) transfer of all or substantially all of the property proposed by the plan to be transferred;

(B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all·of the property dealt with by the plan; and

(C) commencement of distribution under the plan.

11 U.S.C. § 1101(2).

██ At least one court has found that subsection (A) of § 1101 refers to the payments to be made under a confirmed plan. *In re Heatron, Inc.,* 34 B.R. 526 (Bankr. W.D.Mo.1982). The *Heatron* court focused on whether completion of 53% of those payments constituted a transfer of "substantially all" property proposed to be transferred under the plan. *Heatron,* 34 B.R. at 527. Because the court found that "substantial" meant more than half, the debtor's plan had not been "substantially consummated" and the debtor was permitted to modify its confirmed Chapter 11 plan. *Heatron,* 34 B.R. at 529.

A contrary view of 11 U.S.C. § 1101(2)(A) can be seen in *In re Hayball Trucking, Inc.,* 67 B.R. 681 (Bankr.E.D.Mich.1986). Hayball Trucking, Inc. contended that substantial consummation of its plan had not occurred because less than a "substantial" amount of payments had been made under the plan. The *Hayball Trucking* court disagreed with the *Heatron* decision and found that if subsection (A) is read to include a transfer of substantially all plan payments, then subsection (C), which requires only a *commencement* of distribution, would be eviscerated. Such an interpretation would render 11 U.S.C. § 1101(2)(C) meaningless; a mere "nullity." *Hayball Trucking,* 67 B.R. at 683.

The *Hayball Trucking* court concluded that 11 U.S.C. § 1101(2) should be interpreted to give full meaning to all its subsections. 67 B.R. at 684. Therefore, "subsections (A) and (C) appear to distinguish between transfers of property to or from the debtor at or near the time the plan is confirmed undertaken to shape the new financial structure of the debtor and distributions of dividends to creditors made over a period of time from operating revenues. 'Substantial consummation' requires completion or near completion of the former, but only commencement of the latter." *Hayball Trucking,* 67 B.R. at 684.

This Court concludes that the better reasoned approach is that enunciated in *Hayball Trucking,* 67 B.R. 681. Accordingly, subsections (A), (B) and (C) of 11 U.S.C. § 1101(2) must have either occurred or be inapplicable before modification of a confirmed Chapter 11 is precluded.

 In its proposed Modification, Burnsbrooke contends that its Plan has not been "substantially consummated." Under the facts of this case, that assertion is inaccurate. The Plan, as confirmed, did not provide for any transfer of Burnsbrooke's property. This debtor's primary asset is a 60–unit apartment complex in Athens County, Tennessee. The Plan proposed for Burnsbrooke to retain its property to generate income which would enable Burnsbrooke to make payments under the Plan. Accordingly, 11 U.S.C. § 1101(2)(a) is inapplicable in this case.

Subsection (B) of § 1101(2) requires assumption by the debtor or its successor of the business or management of the debtor's property. Burnsbrooke's confirmed Plan provides that the debtor will have full authority to operate the business. Second Amended Plan of Reorganization, Article VI, § 6.01. Accordingly, 11 U.S.C. § 1101(2)(B) occurred.

The last element of "substantial consummation" requires "commencement of distribution under the plan." 11 U.S.C. § 1101(2)(C). The Court confirmed Burnsbrooke's Plan on September 5, 1991. In its first postconfirmation report filed March 23, 1992 Burnsbrooke indicated that distributions had been made to certain classes of claims beginning in November 1991. It is clear from this report that Burnsbrooke has commenced distribution under the Plan. Therefore, 11 U.S.C. § 1101(2)(C) also has occurred.

## II. *Conclusion*

The Court finds that Burnsbrooke's confirmed Chapter 11 Plan has been "substantially consummated" as that terms is defined in 11 U.S.C. § 1101(2). Subsection (A) is inapplicable under the provisions of Burnsbrooke's Plan, and the events contemplated by (B) and (C) clearly occurred.

Because substantial consummation has occurred, 11 U.S.C. § 1127(b) prohibits further modification of Burnsbrooke's confirmed Chapter 11 Plan and Burnsbrooke's proposed Modification must be and hereby is DENIED.

IT IS SO ORDERED.