**In re U.S. REPEATING ARMS COMPANY, Debtor.**

**Bankruptcy No. 5–86–00036.**

United States Bankruptcy Court, D. Connecticut.

April 10, 1989.

---

Jon P. Newton, Reid & Reige, P.C., Hart-ford, Conn., for Chapter 11 Trustee.

MEMORANDUM AND ORDER ON TRUSTEE'S MOTION FOR CLASSI-FICATION OF CLAIM UNDER CODE § 1122(a)

ALAN H.W. SHIFF, Bankruptcy Judge.

The Trustee [1] seeks to have a prepetition unsecured creditor added to Class 9, which consists of allowed, unsecured, and impaired general claims, in a confirmed plan of reorganization.

## I.

On January 16, 1986, the debtor filed a petition under chapter 11 of the Bankruptcy Code. Its plan of reorganization was confirmed on September 22, 1987. Under that plan, the payment of Class 9 claims was to include a pro rata share of a lump sum payment to be made thirty days after the effective date of the plan (October 30, 1987), a pro rata share of all preferences recovered or avoided before or after the effective date, and a pro rata share of certain royalty payments made to the debtor over time.

On December 6, 1988, Ronald W. Daniels, Jr., as guardian of Anthony B. Daniels, commenced a product liability action against the debtor. The Trustee contends that the Daniels claim arose prepetition; that this court retains jurisdiction to adjudicate all controversies concerning the classification of any claim pursuant to Article 7.1(b) of the plan; that the claim should be classified as a Class 9 claim under Code § 1122(a); and that the litigation of the claim should be stayed by Code § 362(a). The Trustee states that Daniels has no objection and that notice was sent to the Creditors' Administrative Committee, from whom no objection has been received.

It appears that Daniels has a prepetition claim, this court has jurisdiction to adjudicate controversies arising out of that claim, and the Daniels claim is the type of claim included in Class 9. But that analysis is not dispositive of the issue presented here, which centers on whether a prepetition claim may be added to a class of creditors provided for in a confirmed plan.[2]

## II.

If the Trustee were permitted to add the Daniels claim, he would presumably have no less right to add any other substantially similar claim to Class 9. The Trustee's view that the composition of a class may be altered postconfirmation by merely adding a claim that is substantially similar to the other claims in that class nullifies the procedural safeguards of the confirmation process. A plan may only be confirmed if, after a hearing, the court finds that the requirements of § 1129 have been satisfied. Once confirmed, § 1141(a) provides, in relevant part, that the plan binds the debtor and creditors, and § 1127(b) provides that

---

**1.** Article IV of the plan of reorganization provides for the appointment of a trustee to aid in its implementation.

**2.** The assertion that the Daniels claim is stayed by § 362(a) seeks a declaratory judgment to that effect. The relief sought is unavailable in the absence of a hearing within the parameters of Code §§ 362(c) and 1141(d).

the plan may only be modified if certain conditions are satisfied.

Code § 1127(b) provides:

> The proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan and before substantial consummation of such plan, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title. Such plan as modified under this subsection becomes the plan only if circumstances warrant such modification and the court, after notice and a hearing, confirms such plan as modified, under section 1129 of this title.

11 U.S.C.A. § 1127(b) (West Supp.1988).

I conclude that the Trustee may not eliminate procedural safeguards by labeling a plan modification as a claim classification. The requirements of § 1127 were established to promote finality and protect a creditor's reliance upon the terms of a plan in accepting it. *See In re Charterhouse, Inc.*, 84 B.R. 147, 152 (Bankr.D.Minn.1988). If the Trustee were permitted to add the Daniels claim to Class 9 without complying with § 1127(b), the creditors in that class, who voted in favor of the plan based upon the proposed distribution to the class as it was then constituted and who, upon confirmation, were bound by its terms, would find their ranks increased and their dividend reduced without the required notice and an opportunity to object.[3]

Apart from the fact that the Trustee has not moved to modify but instead seeks to achieve that result indirectly, it is clear that the requirements of § 1127(b) have not been satisfied.[4] For example, before a plan may be modified postconfirmation, it must be shown that there has not been "substantial consummation".[5] *In re Northampton Corp.*, 59 B.R. 963, 968–69 (E.D.Pa.1984); *Charterhouse, supra*, 84 B.R. at 151. Not only has the Trustee has failed to prove that this condition precedent has been satisfied, it seems likely that the plan has been substantially consummated since the payment to be made shortly after the effective date of the plan should have been made and the periodic payments proposed by the plan have likely commenced. *U.S. v. Novak*, 86 B.R. 625, 629–30 (D.S.D.1988); *Charterhouse, supra*, 84 B.R. at 152; *In re Hayball Trucking, Inc.*, 67 B.R. 681, 682–84 (Bankr.E.D.Mich.1986). *But see In re Heatron, Inc.*, 34 B.R. 526, 529 (Bankr. W.D.Mo.1983).

For the foregoing reasons, the Trustee's motion is denied and IT IS SO ORDERED.

---

**3.** Code § 1127(d) provides:
> Any holder of a claim or interest that has accepted or rejected a plan is deemed to have accepted or rejected, as the case may be, such plan as modified, unless, within the time fixed by the court, such holder changes such holder's previous acceptance or rejection.

Bankruptcy Rule 2002(a)(6) requires twenty days notice of "the time fixed to accept or reject a proposed modification of a plan." No notice was given that it was a modification which was proposed, nor was a time fixed by this court by which modification could be accepted or rejected.

**4.** It is assumed that the Trustee is acting as the agent of the reorganized debtor and the creditors' committee, the plan proponents, giving him the ability to modify under § 1127(b).

**5.** Code § 1101(2) provides:
> "substantial consummation" means—
> (A) transfer of all or substantially all of the property proposed by the plan to be transferred;
> (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and
> (C) commencement of distribution under the plan.