**In re SCOTLAND GUARD SERVICES, INC., Debtor.**

**Bankruptcy No. B–86–01777(ESL).**

United States Bankruptcy Court, D. Puerto Rico.

Aug. 21, 1991.

William H. Beckerleg of Woods and Woods, San Juan, P.R., for debtor.

## OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

This case is before the Court upon the motion of debtor to modify the confirmed Chapter 11 plan and confirm the plan as modified. A hearing was held on April 22, 1991, at which time the court took the matter under advisement and granted the parties twenty days to file briefs as to whether the plan is substantially consummated within the meaning of 11 U.S.C. § 1101(2)(B) and (C), and whether the plan may be modified under 11 U.S.C. § 1127(b).

### Findings of Fact

Debtor filed its Chapter 11 petition in bankruptcy on September 26, 1986. Debtor filed an amended disclosure statement on December 30, 1987, which was approved by the court on February 4, 1988. On April 6, 1988, debtor filed a plan of reorganization, which was confirmed by this court on June 21, 1988, pursuant to 11 U.S.C. § 1129 (1988). The plan set forth five classes of creditors. Class "A" consists of administrative claims, which were to be paid in full ninety days after entry of the final order of confirmation. Class "B" consists of holders of allowed priority claims, who are to receive deferred cash payments

over a six-year period. Class "C" consists of holders of allowed claims with security interests in property of debtor, who are to be paid in accordance with agreements between debtor and each creditor. Class "D" consists of holders of general unsecured claims, who are to be paid forty-two percent of their allowed claims in six equal annual installments. Class "E" consists of debtor's stockholders, who are paid nothing under the plan. The plan became effective ninety days after the entry of the final order of confirmation; that is, September 22, 1988.

At the April 22, 1991 hearing, debtor's counsel stated that forty percent of the amount owed to the creditors had been paid.[1] Debtor alleges that the plan must now be modified due to changes in its circumstances; namely, the loss of its principal customer, the Puerto Rico Electric Power Authority (PREPA). It claims that said customer accounted for eighty percent of its gross income, upon which it relied in formulating the plan. Mario Vega Muniz, debtor's comptroller, testified as to the company's income and expenses and the effect of the loss of the PREPA contract.

Debtor's proposed modification would pay Class "D" general unsecured creditors eighteen percent of their allowed claims in six annual installments, seven percent each of the first two years (which were due on September 22, 1989, and September 22, 1990, and presumably have been paid) and one percent each of the remaining four years.

### Conclusions of Law

■■■ The Bankruptcy Code provides that the reorganized debtor may modify the plan "at any time after confirmation of such plan and before substantial consummation of such plan." 11 U.S.C. § 1127(b) (1984). A Chapter 11 plan may not be modified after substantial consummation. 5 Collier on Bankruptcy, p. 1127.02 (15th Ed.1991), citing *Goodman v. Phillip F.*

*Curtis Enterprises, Inc.,* 809 F.2d 228 (4th Cir.1987); *In re AT of Maine, Inc.,* 56 B.R. 55, 57 (Bankr.D.Me.1985). The requirements for modification of a plan include:

(1) notice of a proposed plan modification,

(2) notice of the information necessary for a creditor to assess the nature and impact of the modification,

(3) a hearing on the propriety of the proposed modification,

(4) an opportunity for an impaired creditor to object to the modification, and

(5) an assessment by the bankruptcy court that the modified plan meets the requirements of § 1129.[2]

*In re FCX, Inc.,* 853 F.2d 1149, 1156 (4th Cir.1988).

The term "substantial consummation" is defined as:

(A) transfer of all or substantially all of the property proposed by the plan to be transferred;

(B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and

(C) commencement of distribution under the plan.

11 U.S.C. § 1101(2) (1978). All three elements must be present to warrant a finding of substantial consummation. *United States v. Novak,* 86 B.R. 625, 628 (D.S.D. 1988); *In re Fansal Shoe Corp.,* 119 B.R. 28, 30 (Bankr.S.D.N.Y.1990); *In re Bedford Springs Hotel, Inc.,* 99 B.R. 302, 303 (Bankr.W.D.Pa.1989); *In re Charterhouse,* 84 B.R. 147, 152 (Bankr.D.Minn.1988); *In re Gene Dunavant and Son Dairy,* 75 B.R. 328, 332 (Bankr.M.D.Tenn.1987).

■■■ Whether a plan has been "substantially consummated" is a question of fact to be determined upon the circumstances of each case and the evidence provided by the parties. *In re Jorgensen,* 66

---

1. However, debtor has submitted to the court a summary of payments made under the plan as of March 31, 1991. Said document indicates that of $722,808.78 originally owed, $530,363.66, or 73%, has been paid.

2. Section 1129 sets forth the requisites for confirmation of a plan. 11 U.S.C. § 1129 (1988).

B.R. 104, 106 (9th Cir. BAP 1986); *Bedford Springs Hotel,* 99 B.R. at 303; *Charterhouse,* 84 B.R. at 152. The proponent of the plan modification has the burden of establishing that the plan has not been substantially consummated. *Fansal,* 119 B.R. at 30; *In re U.S. Repeating Arms Co.,* 98 B.R. 138, 140 (Bankr.D.Conn.1989).

■ In the present case the plan does not provide for any transfer of property, and the debtor has assumed the operation of the business. Therefore, our focus must be on whether there has been a commencement of distribution under the plan. *Fansal,* 119 B.R. at 30. "Substantial consummation" requires only *commencement* of the distribution of dividends to creditors which are to be made over a period of time from operating revenues, as provided by § 1101(2)(C). *Novak,* 86 B.R. at 631; *Fansal,* 119 B.R. at 30; *Bedford Springs Hotel,* 99 B.R. at 303; *Charterhouse,* 84 B.R. at 152; *In re Hayball Trucking, Inc.,* 67 B.R. 681, 684 (Bankr.E.D.Mich.1986). *See also AT of Maine, Inc.,* 56 B.R. at 57[1]. In *Hayball* the Court, after describing the payments which had been made under the plan, stated "it is abundantly clear that the debtor has commenced distribution under the plan and therefore the requirement of subsection (C) of 11 U.S.C. § 1101(2) has been met." 67 B.R. at 683.

One bankruptcy court has found that a plan was not substantially consummated even though fifty-three percent of the amount due under the plan had been paid. *In re Heatron,* 34 B.R. 526 (Bankr. W.D.Mo.1983). However, the court focused on subsection (A) of § 1101(2), rather than on subsection (C). The court found that "substantially all", as used in § 1101(2)(A) means "more than halfway, more than a mere preponderance", and "a suggestion of completeness." *Id.* at 529.

The *Heatron* analysis has been rejected by other courts. In *Hayball Trucking* the court stated:

The difficulty with the analysis in *Heatron* is that it makes a nullity of subsection (C). If subsection (A), relating to the transfer of all or substantially all of the property proposed by the plan is to be transferred, is interpreted to include distributions to creditors proposed by the plan to be made over a period of time, then the requirements of subsection (C) will always be met when the requirements of subsection (A) are met. If that was the intent in setting forth this definition, then there would have been no need to include a separate requirement for "commencement of distribution under the plan."

67 B.R. at 683. The court then stated:

[S]ubsections (A) and (C) appear to distinguish between transfers of property to or from the debtor at or near the time the plan is confirmed undertaken to shape the new financial structure of the debtor and distributions of dividends to creditors made over a period of time from operating revenues. "Substantial consummation" requires completion or near completion of the former, but only commencement of the latter.

*Id.* at 684. *See also United States v. Novak,* 86 B.R. at 631 (rejecting the percentage of payments test); *In re Burlingame,* 123 B.R. 409, 412 (Bankr.N.D.Okla.1991) (payments on long-term debts are not transfers of property within the meaning of subparagraph (A) but are distributions to creditors under subparagraph (C)); *Bedford Springs Hotel,* 99 B.R. at 303 (subsections (A) and (C) address very different items and require different treatment).

Since the plan in this case does not call for any property transfers and the debtor is operating the business pursuant to the plan there is no additional percentage of payments test to apply to determine if there has been substantial consummation of the plan; the only requirement is the commencement of distribution under the plan. *Fansal,* 119 B.R. at 31. Debtor has not met its burden of establishing that the plan has not been substantially consummated. Accordingly, the court finds that debtor's plan has been substantially consummated within the meaning of 11 U.S.C. § 1101(2), and therefore may not be modified pursuant to 11 U.S.C. § 1127(b).

CONCLUSION

Debtor's motion to modify the Chapter 11 plan and confirm the plan as modified is hereby denied.

SO ORDERED.