In re DAM ROAD MINI STORAGE, a California general partnership, dba Security First Self Storage, dba Best Construction, Debtor.

Bankruptcy No. 87–03025–H11.

United States Bankruptcy Court, S.D. California.

June 21, 1993.

N. James Richardson, Karp & Richardson, San Diego, CA, for debtor.

Tina M. Pivonka, William J. Bianco, Schall, Boudreau & Gore, George Wallace, Dominguez & Martinez, San Diego, CA, for Western Empire.

## MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

At issue is whether Dam Road Mini Storage ("debtor") is entitled to modify its confirmed plan of reorganization. This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(1) and General Order No. 312–D of the United States District Court, Southern District of California. This is a core proceeding pursuant to § 157(b)(2)(A) and (L).

## FACTS

On April 27, 1987, the debtor filed its Chapter 11 bankruptcy petition. On November 3, 1988, the court appointed Thomas F. Lennon ("trustee") as the Chapter 11 trustee. On June 7, 1989, the court approved the debtor's and the trustee's joint plan of reorganization. The confirmed plan had a three year term and provided for payment in full to all creditors by either selling or refinancing the debtor's two mini-storage facilities. The plan set the final payment date of June 1, 1992. Upon default under the plan, the trustee was to first market and sell site number 2, and if creditors were still not fully paid, the trustee was to sell site number 1. The debtor defaulted under the plan. On June 23, 1992, the trustee resumed his duties.

The debtor was unable to pay all creditors in the three years allotted by the plan and has been operating under the expired plan for one year. Based upon the pending adversary litigation with the RTC, the court ordered that the status quo be main-

tained and the trustee has not sold either site.

## DISCUSSION

■ The debtor seeks modification of its confirmed plan on the grounds that it has been unable to perform under the plan due to a lack of commercial financing and a general slow down in the mini-storage industry in San Diego County, California.

11 U.S.C. § 1127(b) provides:

The proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan and before *substantial consummation* of such plan, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title. . . .

Section 1127(b) requires, therefore, that the court determine the threshold issue regarding whether or not the debtor's third amended plan was substantially consummated since substantial consummation precludes further attempts at material modifications.

11 U.S.C. § 1101(2) provides:

"substantial consummation" means—

(A) transfer of all or substantially all of the property proposed by the plan to be transferred;

(B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and

(C) commencement of distribution under the plan.

The debtor contends that the plan has not been substantially consummated because distribution to unsecured creditors has not commenced; the only payments that have been made under the plan have been to the administrative claimant, the RTC, secured creditors and payments for real estate taxes. The debtor submitted into evidence a chart that showed payments amounting to only 10.64% of the total amount due under the plan.

The RTC contends that the plan has been substantially consummated because the debtor transferred the assets of the estate to the debtor and Woodspear Properties and has commenced distribution under the plan. The RTC argues that the only act not completed is the final payment to creditors through a sale or refinance. Moreover, the RTC points out that in the debtor's adversary proceeding against the RTC, the debtor requested declaratory relief which the court found to be essentially a request for plan modification. The court dismissed the declaratory relief request on the grounds that the debtor was bound to the plan which was a "drop-dead date plan" that called for refinance by June 1, 1992.

■ Substantial consummation of a plan of reorganization turns on the facts of each case. *In re Jorgensen,* 66 B.R. 104, 106 (9th Cir.BAP 1986). The burden is on the proponent of modification to show that the plan has not been substantially consummated. *In re Modern Steel Treating Co.,* 130 B.R. 60, 64 (Bankr.N.D.Ill.1991).

"The word 'substantial' suggests more than halfway, more than a mere preponderance." *In re Jorgensen,* 66 B.R. 104, 107 (9th Cir.BAP 1986). This court would be hard pressed to find that the plan has not been substantially consummated when, by its very terms, the plan has been concluded. The plan gave the debtor three years to refinance or sell the property and it has been unable to do so; the "drop dead date" of June 1, 1992 has come and gone. Moreover, the debtor has operated for more than a year past the "drop dead date" and reorganization prospects are equally dim. "[A] confirmed plan is a contract. The insolvency of the promisor does not discharge the duty to perform under the contract. No amount of financial constraint will, in and of itself, relieve the debtor of its obligations." *Modern Steel,* 130 B.R. at 65 (citations omitted). Thus, the debtor's inability to refinance or sell the property by the "drop dead date" in order to pay its creditors is not a reason for modification under § 1127(b).

## CONCLUSION

This Memorandum Decision constitutes findings of fact and conclusions of law

pursuant to Federal Rules of Bankruptcy Procedure 7052. Counsel for the RTC is directed to file with this court an order in conformance with this Memorandum Decision within ten (10) days from the date of entry hereof.