In re BULLION HOLLOW
ENTERPRISES, INC.,
Debtor.

UNITED STATES of America, Appellant,

v.

BULLION HOLLOW ENTERPRISES,
INC., Appellee.

Bankruptcy Nos. 7–92–02845–
HPB–11, 94–0259–B.

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

Aug. 3, 1995.

S. Randall Ramseyer, Asst. U.S. Atty., Abingdon, VA, Margaret M. Earnest, U.S. Dept. of Justice, Washington, DC, for appellant.

Robert Tayloe Copeland, Abingdon, VA, for appellee.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, Senior District Judge.

This case is before the Court on appeal from the decision of the United States Bankruptcy Court for the Western District of Virginia ("Bankruptcy Court"). The Appellant, United States, contends that the Bankruptcy Court erred by confirming the debtor's, Bullion Hollow Enterprises, Inc. ("Bullion Hollow"), post-confirmation modified plan. The United States argues that the confirmed plan could not be modified because it had been "substantially consummated." This Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 158(a). The Court finds that the confirmed plan had been substantially consummated and there were no circumstance warranting an exception and, therefore, Bullion Hollow should not have been allowed to modify the plan.

### I.

Bullion Hollow is a mining operation owned by Randy Moore ("Moore") which filed its petition under Chapter 11 of the Bankruptcy Code on December 17, 1992. The United States, as the Internal Revenue Service ("IRS"), filed a proof of claim for pre-petition employment taxes totaling $556,-819.08 with $47,489.96 being a secured claim, $406,614.47 being a priority claim and $102,-714.65 being an unsecured claim. A plan of reorganization was filed by Bullion Hollow on August 17, 1993. Bullion Hollow filed an amended disclosure statement and plan on October 4, 1993 which was objected to by the IRS. The debtor and the IRS came to an agreement on the new plan on May 2, 1994. The new plan was confirmed by the Bankruptcy Court on May 9, 1994.

On June 7, 1994, Bullion Hollow filed a motion to modify the confirmed plan and objections were filed by the IRS and another creditor, General Engineering Company. The debtor claimed that they needed to modify the confirmed plan because of financial difficulties incurred due to new federal regulations in the mining industry. Bullion Hollow's motion for modification was denied on July 25, 1994 because the debtor had failed to comply with the disclosure provisions of the Bankruptcy Code. Bullion Hollow then filed another amended disclosure statement and modified plan on September 8, 1994. The IRS and General Engineering Company again filed objections along with Coastal Capital Corporation and Virginia Iron Coal &

Coke Company. The Bankruptcy Court held that the confirmed plan had not been substantially consummated as defined in 11 U.S.C. § 1127(b) and confirmed the post-confirmation modified plan on October 4, 1994. It is the confirmation of this modified plan that is the subject of this appeal.

## II.

 In reviewing a bankruptcy court's decision, the standard of review for findings of fact is clear error, and the standard of review for any legal determinations is *de novo. In re Midway Partners*, 995 F.2d 490, 493 (4th Cir.1993). Since the determination of whether a confirmed plan has been substantially consummated is a factual determination, the Bankruptcy Court's decision will be reviewed for clear error. *See In re Jorgensen*, 66 B.R. 104, 106 (9th Cir. BAP 1986).

The Bankruptcy Code provides that a debtor may modify a plan "at any time after confirmation of such plan and before substantial consummation of such plan[.]" 11 U.S.C. § 1127(b). What constitutes "substantial consummation" is determined by its definition in 11 U.S.C. § 1101(2) which reads as follows:

(2) "substantial consummation" means—

(A) transfer of all or substantially all of the property proposed by the plan to be transferred;

(B) assumption by the debtor or be the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and

(C) commencement of distribution under the plan.

 The burden is on the proponent of the modification to demonstrate that the plan has not been substantially consummated. *In re Dam Road Mini Storage*, 156 B.R. 270, 271 (Bankr.S.D.Cal.1993); *In re Modern Steel Treating Co.*, 130 B.R. 60, 64 (Bankr. N.D.Ill.1991). All of the requirements of the three subsections must be met in order to find substantial consummation. *In re Bedford Springs Hotel*, 99 B.R. 302, 303 (Bankr. W.D.Pa.1989). The dispute in this matter arises over whether payments to creditors is governed by subsection (A) or subsection (C) of the definition of substantial consummation. Other than how to interpret 11 U.S.C. § 1101 for payments to creditors, all other factors to find substantial consummation have been met. The debtor argues that payments to be made to creditors under the plan are to be considered property being transferred and fall under the requirements of subsection (A). Therefore, according to Bullion Hollow's argument, until "all or substantially all" of the payments to the creditors are made, the confirmed plan cannot be substantially consummated. The IRS argues that property referred to in subsection (A) does not include payments to be made to creditors. Instead, the IRS claims, payments to creditors falls under subsection (C) which only requires that distribution under the plan be commenced for substantial consummation to be attained. The Fourth Circuit has not ruled upon this issue.

Bullion Hollow relies mainly upon the case of *In re Heatron, Inc.*, 34 B.R. 526 (Bankr. W.D.Mo.1983), for support of their argument. In *Heatron*, the court held that a bankruptcy plan had not been substantially consummated even though 53% of the payments to creditors had been completed. The court interpreted the language referring to the transferring of property in subsection (A) to include payments to creditors. The court in *Heatron* held that since payments to creditors was property under subsection (A), then "all or substantially all" of the payments to creditors must be made for a plan to be substantially consummated. The court went on to hold that 53% of the payments did not constitute "substantially all" of the payments and, thus, the plan had not been substantially consummated.

Almost all of the courts that have dealt with this issue since the rendering of the *Heatron* decision have refused to follow the *Heatron* analysis. *See In re Hayball Trucking, Inc.*, 67 B.R. 681 (Bankr.E.D.Mich.1986); *In re Earley*, 74 B.R. 560 (Bankr.C.D.Ill. 1987); *In re Bedford Springs Hotel*, 99 B.R. 302 (Bankr.W.D.Pa.1989); *In re Burlingame*, 123 B.R. 409 (Bankr.N.D.Okla.1991); *In re Burnsbrooke Apts. of Athens, Ltd.*, 151 B.R.

455 (Bankr.S.D.Ohio 1992); *In re Dam Road Mini Storage,* 156 B.R. 270 (Bankr.S.D.Cal. 1993). These decisions have all held that payments to creditors are not to be considered transferring property under subsection (A), but instead, fall under subsection (C) which only requires that the distribution of the payments to have commenced. This Court agrees with the reasoning of these cases which hold that distribution of payments to creditors need only be commenced in order for a plan to be substantially consummated.

Particularly persuasive is the discussion in *Hayball Trucking* which states,

> If subsection (A), relating to the transfer of all or substantially all of the property proposed by the plan to be transferred, is interpreted to include distributions to creditors proposed by the plan to be made over a period of time, then the requirements of subsection (C) will always be met when the requirements of subsection (A) are met. If that was the intent in setting forth this definition, then there would have been no need to include a separate requirement for "commencement of distribution under the plan." It is a common axiom that a statute should be construed to give meaning to all of its provisions, if possible.
>
> Thus, subsections (A) and (C) appear to distinguish between transfers of property to or from the debtor at or near the time the plan is confirmed undertaken to shape the new financial structure of the debtor and distributions of dividends to creditors made over a period of time from operating revenues. "Substantial consummation" requires completion or near completion of the former, but only commencement of the latter.

*In re Hayball Trucking, Inc.,* 67 B.R. at 683–84. Most courts subsequent to the *Heatron* and *Hayball Trucking* decisions have followed the logic of the *Hayball Trucking* opinion and this Court agrees with it as well. Therefore, this court holds that payment to creditors falls under subsection (C) of 11 U.S.C. § 1101 and, thus, the distribution of payments to creditors need only be commenced for there to be substantial consummation, if the requirements of the other subsections are met as well.

Next the Court must determine whether payments to creditors had, in fact, commenced under this plan. There is no percentage or specific number of payments needed to have been paid in order to qualify as "commenced". *In re Scotland Guard Services, Inc.,* 139 B.R. 264, 266 (Bankr.D.Puerto Rico 1991). For example, the court in *In re Stevenson,* 138 B.R. 964 (Bankr.D.Idaho 1992), held that a plan had been substantially consummated after the debtor had made only two (2) of twenty-six (26) payments to creditors. Likewise, in *In re Earley,* 74 B.R. 560 (Bankr.C.D.Ill.1987), the court held that a plan had been substantially consummated one day after the first payments were made to creditors under the confirmed plan. In the present case, Bullion Hollow does not dispute that some payments have been made to secured creditors. Therefore, this Court finds that the debtor has commenced distribution and the requirement of subsection (C) for substantial consummation has been met.

Bullion Hollow has argued that this Court should distinguish between commencing distribution of payments to secured creditors and commencing distribution to unsecured creditors. Bullion Hollow contends that since payments have only been made to secured creditors, and not to unsecured creditors, then this Court should hold that distribution has not commenced because there have been no payments to unsecured creditors. This Court finds nothing in the definition of substantial consummation or in the argument of the debtor which could logically allow the Court to distinguish between payments to different classes of creditors. The clear rule is if distribution of payments to creditors, whether secured or unsecured, have commenced then subsection (C) of the definition of substantial consummation has been met. *See In re Earley,* 74 B.R. at 563, n. 2 (failure to make payment to a particular creditor does not prevent the plan from being substantially consummated).

The final argument raised by Bullion Hollow is that, even if the plan was substantially consummated, there existed circumstances which warranted modification.

Modification of a substantially consummated plan can be approved if it was filed "in good faith and as a result of unforeseen changed circumstances." *Matter of Savannah, Ltd.*, 162 B.R. 912, 915 (Bankr.S.D.Ga.1993). "In order for a debtor to rely on changed circumstances, such circumstances must have been unknown at the time of the substantial consummation of the prior plan[.]" *Id.* at 916. Bullion Hollow claims that new federal regulations in the mining industry drastically changed their financial circumstances to allow for a modification.

Bullion Hollow admits that the new mining regulations, which caused the change in circumstances, were issued in August or September of 1993. The confirmed plan that is now trying to be modified, was confirmed on May 9, 1994. The debtor had at least eight (8) months after issuance of these regulations, and prior to judicial confirmation, to request a modification prior to confirmation. The debtor claims that the new regulations were not strictly enforced against them until January and February of 1994. That would still give the debtor at least three (3) months to file for a modification prior to confirmation. These facts alone should end any discussion regarding whether the regulations were unforeseen or unknown and disallow any modification. However, the debtor also argues that the plan was "essentially confirmed" at the November, 1993 hearing when all of the details of the plan were decided, except for one minor alteration that was absolved at a later date. This argument fails for two reasons. First, even if the plan was "essentially confirmed" at the November, 1993 hearing, that is still at least two (2) months after the new regulations were issued. Secondly, and more importantly, the court did not enter an order confirming the plan until May 9, 1994. Even if Bullion Hollow felt like the details of the plan were already confirmed, they could have requested a modification of the plan at any time prior to the May 9, 1994 Order and not been faced with the plan already being substantially consummated. Instead, they requested one only after the plan had been substantially consummated. Thus, the Court finds that the circumstances that the debtor complains about do not warrant a modification of the plan after the plan had been substantially consummated.

### III.

In summary, the Court finds that the Bankruptcy Court erred in not finding that the May 9, 1994 confirmed plan had been substantially consummated according to 11 U.S.C. § 1101 and, thus, can not be modified. In addition, the Court holds that the debtor's circumstances do not warrant making an exception to the rule that a plan can not be modified after it has been substantially consummated. An Order setting forth these findings shall accompany this Opinion.

### ORDER

As set forth in the Memorandum Opinion entered this day, it is hereby ADJUDGED and ORDERED the Bankruptcy Court erred in not finding that the May 9, 1994 confirmed plan had been substantially consummated as defined in 11 U.S.C. § 1101(2) and, thus, the Bankruptcy Court's decision is REVERSED. In addition, the Court finds that there are no extenuating circumstances that warrant allowing a modification after substantial consummation had been attained. Therefore, the debtor's plan that was confirmed by a court order on May 9, 1994 can not be modified.