**In re James P. LITTON, Debtor.**

**James P. LITTON, Plaintiff,**

v.

**WACHOVIA BANK, N.A., Defendant.**

**Bankruptcy No. 7–92–00687–HPA–11.**

**Adversary No. 7–96–00126.**

United States Bankruptcy Court,
W.D. Virginia,
Abingdon Division.

July 1, 1998.

Robert T. Copeland, Copeland, Molinary & Bieger, Abingdon, VA, for debtor.

Mark L. Esposito, Penn, Stuart & Eskridge, Bristol, VA, for defendant.

**MEMORANDUM OPINION**

H. CLYDE PEARSON, Bankruptcy Judge.

This adversary proceeding is before the Court to enjoin the Defendant, Wachovia Bank, N.A. ("Wachovia"), from foreclosing on certain property of the Debtor. By Order entered May 10, 1996 the Court temporarily enjoined the Defendant for the determination of whether Debtor is barred by the doctrine of "substantial consummation" from modifying his Chapter 11 plan. For the reasons hereafter stated, pursuant to 11 U.S.C. § 1101(2), Debtor's plan has not been substantially consummated. Wachovia's Motion to Dismiss is denied and the modified plan shall come on for hearing.

The stipulated facts are as follows: Debtor filed a petition for relief under Chapter 12 in this Court on May 12, 1992, which was thereafter converted to a case under Chapter 11 on November 2, 1993. Wachovia (formerly known as Central Fidelity), is a secured creditor whose claim on the date of the petition was in the principal amount of $152,-042.06, plus interest, late charges and attorney's fees and is secured by a first priority lien on certain real estate. At the time of the petition, debtor had defaulted under the note. The note was executed by the Debtor and his wife, Anna Litton, who also has a Chapter 13 case pending in this Court. On November 16, 1992, the Court entered an Order for adequate protection for $10,000.00. The Debtor defaulted under the Order. Wachovia sought relief from the automatic stay and debtor objected. On September 27, 1993, Debtor filed a Chapter 11 Disclosure statement and plan, amended on January 24, 1994. On March 10, 1994, the Court issued a second Order for adequate protection. The Debtor again defaulted under the Order.

On November 14, 1994, the Debtor made a non-material modification to the amended plan, along with his wife, Anna Litton, pursuant to a separate agreement with Wachovia. modifying the Deed of Trust. The plan was confirmed on December 12, 1994. The restructured deed of trust was recorded in the Clerk's office of Washington County, Virginia. On May 7, 1995, the Debtor tendered payment of $10,000.00 to Wachovia. The Debtor and his spouse, Anna Litton, have not made any other payments. The payoff is $186,583.39. The Debtor has not made any payments to any other creditors and testified that he has not done so due to natural disasters and market conditions for his tobacco crops. The Debtor and his wife have ongoing litigation with other creditors in this case as well. The Debtor proposes to amend the plan and deed of trust agreement to extend payments under the Deed of trust, thereby lowering the cash needs of the debtor and allowing the debtor to pay at a residential property rate.

As an initial matter, the Court notes that the Bankruptcy Code generally is to be liberally construed in favor of the debt-or. See *Williams v. USF & G*, 236 U.S. 549, 35 S.Ct. 289, 59 L.Ed. 713 (1915); *Roberts v. W.P. Ford & Son Inc.*, 169 F.2d 151, 152 (4th Cir.1948) (citing *Johnston v. Johnston*, 63 F.2d 24, 26 (4th Cir.1933) and *Lockhart v. Edel*, 23 F.2d 912, 913 (4th Cir.1928)). This universally recognized principle serves to "relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh." *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 78 L.Ed. 1230 (1934) (citations omitted). This same "honest but unfortunate debtor" is thus provided with "a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt." *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755, 764, 765 (1991); *Perez v. Campbell*, 402 U.S. 637, 648, 91 S.Ct. 1704, 29 L.Ed.2d 233, 241 (1971); *Local Loan Co. v. Hunt*, 292 U.S., at 244, 54 S.Ct. 695; *Johnston v. Johnston*, 63 F.2d, at 26; *Royal Indemnity Co. v. Cooper*, 26 F.2d 585, 587 (4th Cir.1928).

This Court, upon trial of this matter, heard the evidence including the testimony of the witnesses. It observed the candor, demeanor, truthfulness, and forthright testimony of witnesses as well as their credibility and makes the findings and conclusions herein.

Pursuant to 11 U.S.C. § 1101(2), substantial consummation means in pertinent part:

(A) transfer of all or substantially all of the property proposed by the plan to be transferred;

(B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and

(C) commencement of distribution under the plan.

In the case of *In Re Bullion Hollow Enterprises*, 185 B.R. 726 (W.D.Va.1995), the Court emphasized that all of the requirements of the three subsections must be met in order to find substantial consummation. *See also In re Bedford Springs Hotel*, 99 B.R. 302, 303 (Bankr.W.D.Pa.1989). The facts of this case show that the Debtor has only made one payment to Wachovia under

the plan. He has not made any other payments to any other secured, unsecured or priority creditors, pending the filing of the modified plan, unlike *Bullion Hollow,* where the Debtor had made payments to all secured creditors under the plan. Additionally, the Court in *Bullion Hollow* noted that "modification of a substantially consummated plan can be approved if it was filed in 'good faith.'" *Id.* at 730. Upon hearing, the Debtor testified that his crops had suffered from blue mold disease and drought. He also stated that his cattle had sold for less than what he paid for them, all of which resulted in strained financial conditions making it necessary to modify the plan. At the time the plan was confirmed, the Debtor did not know that his crops and livestock would suffer from such natural disasters and that he would need to modify the plan. The Debtor further testified that the property which Wachovia wishes to foreclose upon is his only source of annual income. (Tr. at 12). There is nothing in the record that evidences that the Debtor's modification has not been filed in good faith.

Furthermore, § 1101(2)(A) has not been met since the Debtor has not transferred all or substantially all of the property proposed by the plan to be transferred. The Debtor still has ongoing litigation with other creditors in this case. The Debtor's spouse, Anna Litton, also has an ongoing Chapter 13 case with pending litigation involving the same creditors. Since "all three requirements must be met in order to find substantial consummation," *Bullion Hollow,* at 728, the Court finds that Debtor's plan has not been substantially consummated under the statute and that the Motion to Dismiss shall be denied so that the debtors plan could come on for hearing and confirmation. An appropriate Order will be entered.

Service of a copy of this Memorandum; Opinion shall be made by mail to Debtor; counsel for Debtor; counsel for Wachovia Bank; and Trustee.