**In re James P. LITTON, Debtor.**

**Wachovia Bank, N.A., Appellant,**

v.

**James P. Litton, Appellee.**

**No. Civ.A. 98–0133–A.**

United States District Court,
W.D. Virginia,
Abingdon Division.

March 18, 1999.

Mark L. Esposito, Bristol, VA, for Appellant.

Robert T. Copeland, Abingdon, VA, for Appellee/Debtor.

### *MEMORANDUM OPINION*

GLEN M. WILLIAMS, Senior District Judge.

I. Introduction

This case is before the court on appeal from the decision of the United States Bankruptcy Court for the Western District of Virginia (hereinafter, "Bankruptcy Court"). The Appellant, Wachovia Bank, contends that the Bankruptcy Court erred in denying its Motion to Dismiss, and thus allowing Appellee/Debtor's modified plan to be heard. Appellant contends that Debtor's confirmed plan has already been substantially consummated, *see* 11 U.S.C. § 1101(2), and therefore cannot be modi-

fied. This court exercises appellate jurisdiction in this matter pursuant to 28 U.S.C. § 158(a), and finds that the confirmed plan has not been substantially consummated, and therefore the Bankruptcy Court was correct in denying Appellant's Motion to Dismiss, and allowing Debtor's modified plan to be heard.

## II. Standard of Review and Facts of the Case

In reviewing the decision of the Bankruptcy Court, this court uses two standards of review. The court reviews all factual findings of the Bankruptcy Court under the "clear error" standard. *De novo* review is exercised as to matters of law. *In re Bullion Hollow Enterprises, Inc.*, 185 B.R. 726 (W.D.Va.1995) (citing *In re Midway Partners*, 995 F.2d 490, 493 (4th Cir.1993)). The facts of this case were stipulated by the parties, and were stated in the Bankruptcy Court's opinion in *In re Litton*, 222 B.R. 788 (Bankr. W.D.Va.1998).

Briefly stated, Debtor/Appellee Litton, a tobacco and cattle farmer, filed a petition for relief under Chapter 12 in 1992, which was converted into a case under Chapter 11 in 1993. Appellant Wachovia, which was formerly known as Central Fidelity, was a creditor secured by a deed of trust on Debtor's property. Litton defaulted under two separate Orders for adequate protection entered by the Bankruptcy Court, and made a non-material alteration to the deed of trust in late 1994. On December 12, 1994, Debtor's reorganization plan was confirmed. *Id.* at 789.

Debtor made one payment of $10,000.00 to Appellant on May 7, 1995, and since then has made no other payments to Wachovia or to his other creditors. Debtor filed a modified reorganization plan proposing to extend the time allowed for payments under the deed of trust, thus lowering the Debtor's cash needs and allowing Litton a lower, residential interest rate. At a hearing by the Bankruptcy Court, Litton stated that the cause for his failure to make payments under the plan since May 1995 was due to the attack of blue mold on his tobacco crops, as well as a drought and a substantial decrease in the price of cattle. *Id.*

## III. Legal Discussion

Generally, a plan of reorganization may not be modified if it has been substantially consummated. *See Bullion Hollow*, 185 B.R. at 727 and 11 U.S.C. § 1127(b). An exception to this general rule, allowing modification of a substantially consummated plan if the modification was "filed 'in good faith and as a result of unforseen changed circumstances'," *Bullion Hollow*, 185 B.R. at 730 (citing *Matter of Savannah, Ltd.*, 162 B.R. 912, 915 (Bankr.S.D.Ga.1993)), has been recognized by this court. *See Bullion Hollow*, 185 B.R. 726. In order for a plan to be substantially consummated, three statutory requirements must be met. First, all or substantially all of the property proposed by the plan to be transferred must be transferred. Second, the debtor or the successor under the plan to the debtor's business must assume all or substantially all of the property dealt with by the plan. Finally, distributions under the plan must commence. 11 U.S.C. § 1101(2). The party asking for modification of a confirmed plan bears the burden of proof of showing that there has been no substantial consummation of the confirmed plan. *Bullion Hollow*, 185 B.R. at 728 (citations omitted).

In the instant case, the Bankruptcy Court determined, as a factual matter, that "the Debtor has not transferred all or substantially all of the property proposed by the plan to be transferred." *Litton*, 222 B.R. at 789. As noted above, this court must review such a factual determination under the "clear error" standard and cannot determine that the Bankruptcy Court erred in making this determination unless it is clear that such a finding was in error. The briefs and oral arguments of the parties did not focus on this finding.

Upon a review of the record in this case, this court has found nothing to indicate clear error on the part of the Bankruptcy Court in making this finding.

■ All of the requirements of the three subsections of the definition of substantial consummation at 11 U.S.C. § 1101(2) must be met in order for a court to find substantial consummation. *Bullion Hollow*, 185 B.R. at 728 (citations omitted). Thus, this court may end its inquiry into substantial consummation where one subsection is not met, because it is then apparent that there can be no finding of substantial consummation. In the instant case, subsection A of 11 U.S.C. § 1101(2), the first subsection examined by this court, is not met and therefore, this court's inquiry ends, with a finding that there has been no substantial consummation of the confirmed plan in this case.[1]

IV. Conclusion

Because the court finds no clear error in the Bankruptcy Court's factual determination that the first step in the substantial consummation test has not been met in the instant case, this court affirms the judgment of the Bankruptcy Court. A hearing on Debtor's modified plan shall proceed in the Bankruptcy Court.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

---

1. Because the court is able to end its inquiry at this point, the issues of the commencement of plan distributions under 11 U.S.C. § 1101(2)(C) and of the applicability of the *Bullion Hollow* exception to the substantial consummation rule, while thoroughly briefed and argued by the parties, are not addressed by the court.